# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT BROGLE,**

      Plaintiff,

  -vs-

**Case No. 09-C-1167**

**PACCAR INC.,**

      Defendant.

# DECISION AND ORDER

  The plaintiff, Robert Brogle ("Brogle"), d/b/a Rob's Auto Transport in Wareham, Massachusetts, purchased a 2010 Kenworth Flatbed Tow Truck from Lynch Truck Center in Waterford, Wisconsin. Lynch assembled the truck by attaching a flatbed carrier body/tow assembly to a 2010 Kenworth T270 cab and chassis. The chassis was manufactured by the defendant, PACCAR, Inc. ("PACCAR"). The tow assembly was manufactured by Miller Industries. Lynch purchased the PACCAR chassis and the Miller flatbed carrier body from Miller Industries in Tennessee.

  Shortly after purchasing the truck, Brogle discovered that rainwater would leak into the passenger compartment. Brogle brought the truck to a PACCAR-authorized dealership in Stoughton, MA for repairs, but the repair attempts were unsuccessful. After PACCAR refused Brogle's demand for a refund, Brogle sued PACCAR in Racine County for breach of express warranty, breach of implied warranty of merchantability, breach of contract, and violation of Wisconsin's New Motor Vehicle Warranties Act ("Lemon Law"), Wis. Stats.

§ 218.0171, et seq. PACCAR removed on the basis of diversity jurisdiction and then moved to dismiss the lemon law claim. The Court denied PACCAR's motion because it relied upon matters outside the pleadings. D. 14. After discovery, both parties move for summary judgment on the lemon law claim. For the reasons that follow, both motions are denied.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When confronted by cross-motions for summary judgment, the Court must consider each party's motion individually to determine if that party has satisfied the summary judgment standard. *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 500 (7th Cir. 2008).

For Brogle to proceed against PACCAR under the lemon law, PACCAR must meet the statutory definition of a "manufacturer." Wis. Stat. § 218.0171(1)(c). A manufacturer under the lemon law is

> any person, resident or nonresident, who does any of the following:
>
> (a) Manufactures or assembles motor vehicles.
>
> (b) Manufactures or installs on previously assembled truck chassis, special bodies or equipment which when installed form an integral part of the motor vehicle and which constitutes a major manufacturing alteration and which completed unit is owned by the manufacturer.

Wis. Stat. § 218.0101(20). PACCAR is not a manufacturer under part (b) of the definition because PACCAR did not own the completed unit after the tow assembly was attached to the PACCAR cab and chassis. "Reading the elements of the statute together, the 'completed unit' is the result of the manufacturing or assembly process described in the statute – the chassis plus the special bodies or equipment." *Harger v. Caterpillar, Inc.*, 620 N.W.2d 477, 556 (Wis. Ct. App. 2000).

Therefore, Brogle is left to proceed under subsection (a) of § 218.0101(20). Under this part of the statutory definition, PACCAR is a lemon law manufacturer only if it manufactured or assembled a motor vehicle. A motor vehicle, in turn, is defined as "any motor driven vehicle required to be registered under ch. 341 or exempt from registration under s. 341.05(2) . . . which a consumer purchases or accepts transfer of in this state." Wis. Stat. § 218.0171(d). It is undisputed that the chassis was not registered until after the tow assembly was attached at Lynch Trucking Center, but whether the chassis was actually registered is not dispositive. All that matters is whether the chassis was *required* to be registered (s. 341.05(2) is inapplicable here). It does not appear that the chassis, assuming it was a motor driven vehicle, would have been exempt from the general requirement that vehicles be registered in Wisconsin. Wis. Stats. §§ 341.04, 341.05. Therefore, PACCAR is not entitled to judgment as a matter of law on the "required to be registered" aspect of the definition.

In an unpublished disposition, the Court previously held that a chassis did not meet the definition of a motor vehicle because it was "not required to be registered under Chapter

-3-

341, nor could it be registered because it was not a completed unit that could have been driven on public streets and highways." *Platinum Towing Service, Inc. v. Freightliner LLC*, No. 06-CV-1077, D. 37 (E.D. Wis. April 25, 2008). The only basis for determining that the chassis was not "required to be registered" in *Platinum Towing* was that the chassis could not have been driven on public streets and highways – in other words, the chassis was not a "motor driven vehicle." The Court did not identify any specific exception to the vehicle registration requirements under Wisconsin law. Therefore, the Court must analyze whether the PACCAR cab and chassis was a "motor driven vehicle" before the tow assembly was attached to it.

PACCAR provides evidence that the chassis was an "incomplete vehicle" which only included an engine, transmission, front and rear axle, brake system, frame and wheel base, fuel tank, tires, cab and certain instrumentation. Lynch completed the manufacturing of the truck by adding the tow equipment, including lights and wiring. In support of Brogle's motion, Lynch's general manager avers that the chassis was driven 1,165 miles from Boisbriand, QC to Waterford, WI prior to assembly with the carrier body, but it is unclear whether the chassis was driven or towed based on the transport slip. D. 32, Exhibit E. Drawing all reasonable inferences in favor of both nonmoving parties, there is a genuine issue of material fact regarding whether the PACCAR cab and chassis was a "motor driven vehicle," and neither party is entitled to judgment as a matter of law.

**IT IS HEREBY ORDERED THAT** both motions for summary judgment [D. 19, D. 25] are **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of December, 2010.

                                        **SO ORDERED,**

                                        *s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**